# THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROXANNE REYES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1-800-FLOWERS.COM, INC. and INTERACTIONS LLC,<br><br>Defendants. | Civil Action No. 23-cv-40178 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Interactions LLC ("Interactions") hereby removes the above-captioned action, *Reyes v. 1-800-FLOWERS, Inc.*, which is currently pending in Massachusetts Superior Court in Suffolk County, Business Litigation Session, as 2384CV02502-BLS1, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.[1] As grounds for removal, Interactions states as follows:

## INTRODUCTION

This case is removable under 28 U.S.C. § 1441 and the Class Action Fairness Act, as codified at 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453 ("CAFA"). Pursuant to CAFA, federal

---

[1] By filing this Notice of Removal, Interactions does not waive, and expressly reserves, its right to object to the service of process, the sufficiency of process, personal jurisdiction, or venue, and also specifically reserves its right to assert any defenses and/or objections to which it may be entitled. Interactions also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other appropriate grounds.

courts have original jurisdiction over putative class actions like this one where: (1) the putative class consists of at least 100 members (28 U.S.C. § 1332(d)(5)(B)); (2) there is minimal diversity between the parties (28 U.S.C. § 1332(d)(2)(A)); and (3) the aggregate classwide amount in controversy exceeds $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2), (6)). Based on Plaintiff's allegations (which Interactions expressly denies and intends to demonstrate are without merit), removal here is proper because CAFA's requirements are met, no exception to CAFA jurisdiction applies, and Interactions has timely removed.

## BACKGROUND

1. On November 2, 2023, Plaintiff Roxanne Reyes ("Plaintiff") filed the Complaint ("Compl.") against Interactions and 1-800-FLOWERS.com, Inc. ("1-800-FLOWERS," and together with Interactions "Defendants") in Suffolk Superior Court. *See* Exhibit A.

2. Interactions was served with the Summons and Complaint on November 30, 2023.

3. Plaintiff generally alleges that Interactions, a telephony technology service provider, intercepted her communications with 1-800-FLOWERS in violation of M.G.L. c. 272 § 99 (the "Massachusetts Wiretapping Statute"). Plaintiff alleges that Interactions' "intelligent virtual assistant system" was "implemented" on 1-800-FLOWERS' telephone line and "responds to Callers' requests . . . answers Callers' questions, and addresses additional Caller needs during calls." Compl. ¶¶ 16-18.

4. Plaintiff purports to represent a putative, nationwide class of "[a]ll persons who called the 1-800-FLOWERS (1-800-356-9377) phone line whose wire and/or oral communications passed through Interactions' intelligent virtual assistant system" (the "Putative Nationwide Class"). *Id.* ¶ 27.

5. Plaintiff also purports to represent a putative, Massachusetts statewide subclass of "[a]ll persons located in the Commonwealth of Massachusetts who called the 1-800-FLOWERS (1-800-356-9377) phone line whose wire and/or oral communications passed through Interactions' intelligent virtual assistant system" (the 'Massachusetts Putative Subclass'). *Id.* ¶ 28.

6. Plaintiff alleges that "members of the [Putative Nationwide] Class and [Putative] Massachusetts Subclass number in the thousands." *Id.* ¶ 29.

7. Plaintiff alleges that she is a resident of Worcester, Massachusetts. *Id.* ¶ 8.

8. Plaintiff alleges that 1-800-FLOWERS is "a Delaware corporation with its principal place of business in Jericho, New York." *Id.* ¶ 9.

9. Plaintiff alleges that Interactions "is a Delaware corporation with its principal place of business in Franklin, Massachusetts." *Id.* ¶ 10.

10. As relief, Plaintiff, on behalf of herself and the Putative Nationwide Class and Putative Massachusetts Subclass, seeks (1) "compensatory, statutory, and punitive damages"; (2) "prejudgment interest"; (3) "restitution and all other forms of equitable monetary relief"; (4) injunctive relief; and (5) "reasonable attorneys' fees and expenses and costs of suit." *Id.* at 10.

## REMOVAL IS PROPER UNDER CAFA

11. This Court has original jurisdiction under 28 U.S.C. §§ 1332(d) and 1453 because (1) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs"; (2) the citizenship of at least one putative class member is different from that of Defendant; and (3) the putative class consists of more than 100 proposed class members. 28 U.S.C. § 1332(d).

12. ***The Requisite Minimal Diversity Exists.*** CAFA's minimal diversity requirement is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1331(d)(2)(A); *see McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d

158, 162 (D. Mass. 2009) (noting that "Congress abandoned the 'complete' diversity requirement" in passing CAFA).

13. For purposes of diversity of citizenship, Plaintiff is a citizen of Massachusetts. Compl. ¶ 8.

14. For purposes of diversity of citizenship, 1-800-FLOWERS is a citizen of Delaware and New York, because, as alleged in the Complaint, 1-800-FLOWERS "is a Delaware corporation with its principal place of business in Jericho, New York." *Id.* ¶ 9.

15. The requisite diversity of citizenship is met here for at least two main reasons. First, Plaintiff and Defendant 1-800-FLOWERS are citizens of different states. And, second, because Plaintiff pleads a Putative Nationwide Class comprised of citizens from states different than Defendants' states of citizenship (*i.e.*, Delaware, New York, and Massachusetts), there is diversity of citizenship between Defendants and members of the Putative Nationwide Class who are citizens of states other than Delaware, New York and Massachusetts. *McMorris*, 493 F. Supp. 2d at 164 ("It is . . . enough to satisfy the requirements of CAFA" where "any member of a class of plaintiffs is a citizen of a State different from any defendant" (quoting 28 U.S.C. § 1332(d)(2)(A)). This "minimal diversity is enough to satisfy the requirements of Article III" and CAFA because at least one member of Plaintiff's Putative Nationwide Class (including Plaintiff) "is a citizen of a State different from" 1-800-FLOWERS and Interactions. *Id.*

16. **<u>Plaintiff Alleges the Requisite CAFA Numerosity.</u>** CAFA's numerosity requirement is satisfied whenever the "number of members of all proposed plaintiff classes in the aggregate" is greater than 100. 28 U.S.C. § 1332(d)(5)(B). According to Plaintiffs' own allegations, this requirement is met here.

17.     As noted, Plaintiff's Putative Nationwide Class is defined to include "[a]ll persons who called the 1-800-FLOWERS (1-800-356-9377) phone line whose wire and/or oral communications passed through Interactions' intelligent virtual assistant system."  Compl. ¶ 27. And, Plaintiff defines the Putative Statewide Subclass to include "[a]ll persons located in the Commonwealth of Massachusetts who called the 1-800-FLOWERS (1-800-356-9377) phone line whose wire and/or oral communications passed through Interactions' intelligent virtual assistant system."  Id. ¶ 28.

18.     Plaintiff expressly alleges that "members of the [Putative Nationwide] Class and [Putative] Massachusetts Subclass number in the thousands."  Id. ¶ 29.

19.     Accordingly, CAFA's numerosity requirement is satisfied.

20.     **_Plaintiff's Allegations and Claims for Relief Put More than $5.0 million in Controversy._**  CAFA's amount-in-controversy requirement is satisfied when "the claims of the individual class members" when "aggregated" "exceed [] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

21.     For removal purposes, establishing the amount in controversy under CAFA requires only that a defendant provide a short and plain statement of the basis for jurisdiction—the equivalent of that required for a plaintiff filing a complaint.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  This means "a defendant's notice of removal need includes only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.*  A removing defendant may meet this burden simply by "reiterating the factual allegations of injuries alleged by Plaintiff in [her] Complaint."  *In re Stryker LFIT V40 Femoral Head Prods. Liability Litig.*, 2020 WL 3037103, at *4 (D. Mass. June 4, 2020).

22.     While Interactions denies that Plaintiff is entitled to recover against it any amount, denies that certification of any class is proper, and reserves all rights to dispute that Plaintiff and the putative class members are entitled to recovery in any amount under the Massachusetts Wiretapping Statute, Plaintiff's allegations, requests for relief, Putative Nationwide Class and Putative Massachusetts Subclass definitions and allegations, plausibly place the amount in controversy in this case above CAFA's $5,000,000 aggregate threshold for jurisdictional purposes. 28 U.S.C. §§ 1332(d)(2), (6); Compl. at 10.

23.     As noted, Plaintiff alleges that "members of the [Putative Nationwide] Class and Putative Massachusetts Subclass number in the thousands." Compl. ¶ 29.

24.     Plaintiff alleges that she placed "multiple orders" from 1-800-FLOWERS. *Id.* ¶ 8.

25.     The Massachusetts Wiretapping Statute provides that each prevailing plaintiff may recover:

   a. "actual damages but not less than liquidated damages at the rate of $100 per day for each day of violation or $1000, whichever is higher"

   b. "punitive damages"; and

   c. "reasonable attorney's fee and other litigation disbursements reasonably incurred."

M.G.L. c. 272 §99(Q).

26.     Consistent with this, Plaintiff, on behalf of herself and each of the putative class members, seeks (1) "compensatory" and "statutory" damages; (2) "punitive damages"; (3) injunctive relief; (4) "reasonable attorneys' fees and expenses and costs of suit"; and (5) other forms of relief. Compl. at 10. The value of each of these counts toward the jurisdictional threshold. And, when the value of these alleged damages and other forms of relief are aggregated across the

alleged "thousands" of putative class members, the $5,000,000 amount-in-controversy requirement is easily met:

>**Statutory Damages**.  Plaintiff seeks an award of "compensatory, statutory, and punitive damages in amounts to be determined."  Compl. at 10.  Based upon Plaintiff's allegations, the statutory damages sought, standing alone, likely exceed $5,000,000 because Plaintiff has alleged that the class members number "in the thousands" and Plaintiff seeks at least $1,000 in statutory damages per violation for herself and each putative class member.  Indeed, assuming just one violation per putative class member, CAFA's jurisdictional threshold is met based on statutory damages alone if there are 5,000 class members.  Plaintiff, however, alleges multiple violations for herself in connection with multiple orders, and so seeks multiple statutory damage awards of at least $1,000.  There is a reasonable likelihood that Plaintiff will seek the same multiple statutory damages awards for putative class members with alleged multiple violations arising from multiple orders.  Assuming an average of two violations per putative class member, CAFA's jurisdictional threshold based on alleged statutory damages alone is met if there are 2,500 putative class members.
>
>**Punitive Damages**.  In addition to statutory damages, Plaintiff also seeks punitive damages for herself and each putative class member.  While Interactions denies that Plaintiff and any putative class members are entitled to punitive damages against it in any amount, federal courts in similar wiretapping cases have awarded punitive damages ranging from of one- to two-times actual and statutory damages.  *See, e.g., Heggy v. Heggy*, 944 F.2d 1537 (10th Cir. 1991) (affirming nearly double statutory

damages as punitive damages under Federal Wiretap Act); *Luken v. Edwards*, 2012 WL 5332193, at *2-3 (D. Iowa Oct. 26, 2012) (awarding one-time multiplier statutory damages as punitive damages under Federal Wiretap Act); *Klumb v. Goan*, 884 F. Supp. 2d 644, 666 (E.D. Tenn. 2012) (awarding one-time multiplier of statutory damages as punitive damages under Federal Wiretap Act and Tennessee Wiretap Act claims); *see also Pietrylo v. Hillstone Restaurant Group*, 2009 WL 3128420, at *6 (D.N.J. Sept. 25, 2009) (entering stipulated four-times statutory damages as punitive damages award under federal and New Jersey wiretapping laws). Using this range and assuming just one violation per putative class member, CAFA's jurisdictional threshold is met if there are just 1,667 to 2,500 putative class members.

**<u>Injunctive Relief</u>**. In addition to statutory and punitive damages, Plaintiff seeks injunctive relief in the form of an order "enjoining Defendants from continuing the illegal practices detailed herein" (Compl. at 10). It is black letter law that the value of this relief also counts toward the jurisdictional threshold, and so provides further evidence that that threshold is met here. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking . . . injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. . . . The value of that right is measured by the losses that will follow" if the injunction is granted and includes lost or diminished revenues.); *Mojtabi v. Mojtabi*, 4 F.4th 77, 84 (1st Cir. 2021) (amount in controversy includes equitable relief sought); *Hoang v. Supervalu Inc.*, 541 F. App'x 747, 748 (9th Cir.

2013) ("The value of the requested injunction against Defendants . . . is part of the amount that has been put in controversy by Plaintiffs' complaint.").

**Attorneys' Fees.**  Finally, in addition to the amounts in controversy arising from the statutory damages, punitive damages, and injunctive relief Plaintiff seeks for herself and each putative class member, the amount here also includes the "reasonable attorneys' fees" Plaintiff seeks under the Massachusetts Wiretapping Statute.  While the amount of attorneys' fees is not certain because it depends on whether Plaintiff obtains recovery and the type and amount of recovery she obtains, fees in consumer class actions can be substantial.  *E.g.*, *Montera v. Premier Nutrition Corp.*, 2023 WL 5054225, at *1 (N.D. Cal. Aug. 7, 2023) (attorneys' fees of $6,853,502); *Krakauer v. Dish Network, L.L.C.*, 2019 WL 7066834, at *1 (M.D.N.C. Dec. 23, 2019) (attorneys' fees of $20,447,600).  This Court may consider attorneys' fees as part of the amount-in-controversy because the Massachusetts Wiretapping Statute "allows the payment of such fees." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (district court may consider potential attorney's fees as part of the amount-in-controversy calculation when "a statute mandates or allows the payment of such fees").  Here, assuming Plaintiff seeks attorneys' fees equal to 20% to 25% of an aggregate award of statutory and punitive damages, that aggregate award needs only to amount to $4.0 million to $4.2 million for CAFA's jurisdictional threshold to be met, exclusive of the value of any injunctive relief.  Indeed, assuming an average of two alleged violations per class member, the jurisdictional threshold is met, exclusive of punitive damages and injunctive relief, if there 2,000 to 2,100 putative class members seeking

9

statutory damages for each violation and attorneys' fees in the subject 20% to 25% range.

**Other Relief**.  Plaintiff seeks other relief in the Complaint, including restitution, pre-judgment interest, and costs. Compl. at 10. These amounts are properly included in the amount in controversy as well.

27. Taking into account all of Plaintiff's many forms of potential relief, as pled in the Complaint, the total amount in controversy alleged in this matter surpasses the $5,000,000 jurisdictional threshold set by 28 U.S.C. § 1332(d)(2).

28. *No CAFA Exceptions Apply.*  Although Interactions denies that it bears the burden of showing that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(3), (4), (5), and (9) are inapplicable, none apply.  Plaintiff bears the burden to establish that any of these exceptions apply, and cannot meet this burden in the present case.

29. First, neither the exception in 28 U.S.C. §§ 1332(d)(3) nor subsection (4) apply because less than one-third, and in no event greater than two-thirds, of the members of all proposed plaintiff classes are citizens of Massachusetts, the state in which this lawsuit was originally filed. 28 U.S.C. §§ 1332(d)(4)(i)(I).  Plaintiff, as noted, seeks to represent a nationwide class comprising "[a]ll persons who called the 1-800-FLOWERS (1-800-356-9377) phone line whose wire and/or oral communications passed through Interactions' intelligent virtual assistant system." Compl. ¶ 27.  Plaintiff's Putative Nationwide Class is "substantially larger" than her Putative Massachusetts Subclass, of which not even every member is a "citizen" of Massachusetts for diversity purposes (*see McMorris*, 493 F. Supp. 2d at 163-64), such that neither the discretionary exception of 28 U.S.C. §§ 1332(d)(3) nor the mandatory exception of 28 U.S.C. §§ 1332(d)(4) apply.

30. The so-called "local controversy" exception of 28 U.S.C. § 1332(d)(3) does not apply for the additional reason that both "primary defendants" are not "citizens of the State in which the action was originally filed." "Courts generally agree that the term 'the primary defendants' means that *all* primary defendants must be citizens of the state concerned." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 296-97 (D. Mass. 2009). Here, Interactions and 1-800-FLOWERS are both "primary defendants," and 1-800-FLOWERS is not alleged to be a citizen of Massachusetts. *Id.* (primary defendant determination based on plaintiff "nam[ing] all defendants collectively in all counts of the Complaint"). Accordingly, the court has no discretion to decline CAFA jurisdiction under 28 U.S.C. § 1332(d)(3).

31. Second, the exception in 28 U.S.C. § 1332(d)(5)(A) does not apply because Defendant is not a State, State official, or other governmental entity.

32. Third, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because, as previously noted, the number of putative class members is greater than 100.

33. Finally, the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve claims under securities laws and does not "relate[] to the internal affairs or governance of a corporation or other form of business enterprise" or "arise[] under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized." 28 U.S.C. § 1332(d)(9)(B).

## OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

34. Removal is Timely. Interactions was served with the Complaint on November 30, 2023. Removal is timely under 28 U.S.C. § 1446(b)(1) because Interactions removed the *Reyes* Action within 30 days of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .").

35. <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Massachusetts, which is the "district court" embracing the place where the action was filed.

36. <u>Signature</u>.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in compliance with 28 U.S.C. § 1446(a).

37. <u>Pleadings and Process</u>.  Copies of all process, pleadings, and orders served upon Defendant in the state court are attached hereto as **<u>Exhibit A</u>**, in compliance with 28 U.S.C. § 1446(a).  Pursuant to Local Rules 5.4(f) and 81.1(a), Defendants will file certified or attested copies of all records, pleadings, and docket entries in the state court within 28 days of the filing of this Notice of Removal.

38. <u>Notice of Removal to All Adverse Parties</u>.  Attached hereto as **<u>Exhibit B</u>** is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel.  *See* 28 U.S.C. § 1446(d).

39. <u>Filing Fee</u>.  Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

40. <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

41. <u>Consent of Other Defendants Not Required</u>.  A class action "may be removed by any defendant without the consent of all defendants."  28 U.S.C. § 1453(b).  Therefore, 1-800-FLOWERS' consent is not required for removal.

## **CONCLUSION**

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d), and 1453, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated:  December 19, 2023

/s/ *W. Kyle Tayman*
W. Kyle Tayman (BBO # 672574)
Brooks Brown (BBO # 634144)
**GOODWIN PROCTER LLP**
1900 N Street, N.W.
Washington, DC 20036
Tel.: (202) 346-4034
Fax: (213) 260-8106
KTayman@goodwinlaw.com
BBrown@goodwinlaw.com

*Attorneys for Defendant Interactions LLC*

## CERTIFICATE OF SERVICE

I, W. Kyle Tayman, hereby certify that on December 19, 2023, I caused the foregoing document to be served by first class mail, postage prepaid on the following counsel for all parties:

**Counsel for Plaintiff**:

Joel D. Smith (BBO No. 712418)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (Pro Hac Vice forthcoming)
Matt A. Girardi (Pro Hac Vice forthcoming)
Julian C. Diamond (Pro Hac Vice forthcoming)
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
mgirardi@bursor.com
jdiamond@bursor.com

**Counsel for Defendant 1-800-Flowers.com, Inc.**:

David L. Feinberg (BBO No. 666805)
**VENABLE LLP**
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-8278
Facsimile: (202) 344-8300
DLFeinberg@Venable.com

/s/ *W. Kyle Tayman*
W. Kyle Tayman (BBO # 672574)