# EXHIBIT A

ER

## COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT DEPARTMENT
## BUSINESS LITIGATION SESSION

| | |
|---|---|
| ROXANNE REYES, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>1-800-FLOWERS.COM, INC. and INTERACTIONS LLC,<br><br>          Defendants. | C.A. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Roxanne Reyes ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendants 1-800-FLOWERS.com, Inc. ("1-800-Flowers") and Interactions LLC ("Interactions") (collectively, "Defendants").

## NATURE OF THE ACTION

1. This is a class action suit brought against Defendant Interactions LLC ("Interactions") and Defendant 1-800-FLOWERS.com, Inc. ("1-800-Flowers") (collectively, "Defendants") for intercepting[1] 1-800-FLOWERS phone line[2] callers' ("Callers") wire and oral communications made during their calls ("Calls").

---

[1] With respect to Interactions, defined to mean "**secretly hear, [and] secretly record** . . . the contents of any wire oral oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication." With respect to 1-800-Flowers, defined to mean "**aid another to secretly hear or secretly record** the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication[.]" M.G.L.A. 272, § 99(B)(4) (emphasis added).

[2] 1-800-356-9377 (hereinafter, the "Phone Line")

2.      In or around 2019,[3] Defendant 1-800-Flowers rolled out an intelligent virtual assistant system ("IVAS" or "System") that uses artificial intelligence ("AI" akin to Amazon's Alexa, Apple's Siri, Google's Assistant and Microsoft's Cortana) to respond to Callers' requests (i.e., flowers, gifts, and other merchandise orders), answer Callers' questions, and address additional Caller needs via the Phone Line.

3.      1-800-Flowers employs Interactions, a third party, to provide the System on the Phone Line.  Callers' wire and oral communications with 1-800-Flowers on the Phone Line are routed through Interactions' System.

4.      Interactions thereby intercepts the contents of Callers' wire and oral communications in real time.

5.      1-800-Flowers thereby also engages in the interception of Callers' wire and oral communications in real time.

6.      By doing so, Defendants have violated M.G.L.A. 272, § 99 (the "Massachusetts Wiretapping Statute").

7.      Plaintiff brings this action on behalf of all persons whose wire and/or oral communications on the Phone Line were intercepted by Interactions and 1-800-Flowers.

## PARTIES

8.      Plaintiff Roxanne Reyes is a citizen of Massachusetts who resides in Worcester, Massachusetts.  Ms. Reyes has called the Phone Line and interacted with the System to place multiple orders from 1-800-Flowers, including but not limited to an August 18, 2021 order for a ribbon and Healing Tears bouquet.  Ms. Reyes was in Massachusetts each time she called the Phone Line.  During each Call, the contents of Ms. Reyes' wire and oral communications were

---

[3] https://www.interactions.com/press-releases/interactions-delivers-keynote-with-1-800-flowers-at-customer-service-summit/.

intercepted by and disclosed to Defendant Interactions. Ms. Reyes was unaware at the time of the Calls that her wire and oral communications were being intercepted in real time and would be disclosed to Interactions. Ms. Reyes was also unaware at the time of the Calls that 1-800-Flowers was secretly aiding Interactions to intercept the content of her wire and oral communications. Ms. Reyes did not consent to any of Defendants' practices.[4]

9.     Defendant 1-800-Flowers.com Inc. ("1-800-Flowers") is a Delaware corporation with its principal places of business in Jericho, New York. Defendant 1-800-Flowers partners with multiple brick and mortar flower stores located throughout Massachusetts.[5]

10.     Defendant Interactions LLC ("Interactions") is a Delaware corporation with its principal place of business in Franklin, Massachusetts.

## **JURISDICTION AND VENUE**

11.     This Court has jurisdiction over this matter pursuant to M.G.L.A. 212, §§ 3 and 4.

12.     This Court has personal jurisdiction over Defendant 1-800-Flowers pursuant to M.G.L.A. 223A § 3(a), (b), and (e) because Defendant 1-800-Flowers regularly transacts business, contracts to supply services, and uses real property in Massachusetts.

13.     This Court has personal jurisdiction over Defendant Interactions pursuant to M.G.L.A. 223A § 2 because Defendant Interactions has its principal place of business in Massachusetts and is therefore domiciled in Massachusetts.

---

[4] The Phone Line merely states: "Your call may be recorded for quality assurance purposes." It does not provide notice that Interactions, or any other third party, is listening in on the Phone Line.

[5] https://reviewed.usatoday.com/home-outdoors/features/1-800-flowers-review-how-to-order-flowers-for-valentines-day ("1-800-Flowers partners with local florists around the globe to deliver pre-designed bouquets to its customers. If you opt for same-day local florist delivery, your bouquet will be arranged and delivered by a local florist.").

14.     Venue is proper in this County because Plaintiff resides in this County and Defendants do business in this County.   Further, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this County.  This County is the location of the Calls that gave rise to Plaintiff's claims and the location of Plaintiff's primary injury.

15.     Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 17-1, because this case is complex and is brought as a class action which will need substantial case management.

## FACTUAL ALLEGATIONS

16.     Defendant Interactions is the developer and seller of an intelligent virtual assistant system ("IVAS" or "System") that uses artificial intelligence ("AI" akin to Amazon's Alexa, Apple's Siri, Google's Assistant and Microsoft's Cortana).

17.     Interactions' System has been implemented on the phone lines of numerous third parties, including the eponymous 1-800-FLOWERS (1-800-356-9377) Phone Line of 1-800-Flowers.

18.     There, the System responds to Callers' requests (i.e., flowers, gifts, and other merchandise orders), answers Callers' questions, and addresses additional Caller needs during Calls.

19.     To accomplish this, during Callers' Calls to the Phone Line, the System intercepts the contents of Callers' wire and oral communications in real time.

20.     Interactions does so for three reasons.

21.     First, if during a Call the System does not understand a word said or utterance made by a Caller, a recording snippet of that word or utterance is directed to a human listener to verify what was said, in real time.  The human listener then confirms the word or utterance for the System, while the Call is still ongoing.

4

22.     Second, Call recordings may be used after a Call is completed for quality control purposes.  During this process, a human listener will review the audio recordings to evaluate any problems encountered during a Call.

23.     Third, this helps to improve the System's automated speech recognition functionality.  Over time, the input provided by human listeners performing quality control helps the System to better understand Callers.

24.     In addition, Interactions retains a transcript of Callers' spoken utterances, as understood by the System, for each Call.

25.     Interactions thereby intercepts Callers' wire and oral communications in real time.

26.     1-800-Flowers thereby secretly aids another party (Interactions) in intercepting Callers' wire and oral communications in real time.

## CLASS REPRESENTATION ALLEGATIONS

27.     Plaintiff seeks to represent a class defined as

All persons who called the 1-800-FLOWERS (1-800-356-9377) phone line whose wire and/or oral communications passed through Interactions' intelligent virtual assistant system.  (The "Class").

28.     Plaintiff also seeks to represent a subclass defined as

All persons located in the Commonwealth of Massachusetts who called the 1-800-FLOWERS (1-800-356-9377) phone line whose wire and/or oral communications passed through Interactions' intelligent virtual assistant system.  (The "Massachusetts Subclass").

29.     Members of the Class and Massachusetts Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Massachusetts Subclass number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

Class members may be notified of the pendency of this action by mail and/or publication through the records of Defendants.

30.     Common questions of law and fact exist as to all Class members and Massachusetts Subclass members, and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to, whether Defendants' conduct as alleged herein violates M.G.L.A. 272, § 99 (the "Massachusetts Wiretapping Statute") and whether Plaintiff and Class members are entitled to actual and/or statutory damages for the aforementioned violations.

31.     The claims of the named Plaintiff are typical of the claims of the Class and Massachusetts Subclass in that the named Plaintiff, like all other Class members, placed a Call to the Phone Line and had her wire and/or oral communications intercepted by and disclosed to Interactions through the use of Interactions' System.

32.     Plaintiff is an adequate representative of the Class and Massachusetts Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, has retained competent counsel experienced in prosecuting class actions, and intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

33.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members and Massachusetts Subclass members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In

contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### Violation of M.G.L.A. 272, § 99

34.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

35.     Plaintiff Reyes brings this claim individually and on behalf of the Class and the Massachusetts Subclass.

36.     M.G.L.A. 272, § 99 (the "Massachusetts Wiretapping Statute") prohibits the interception, attempted interception, use, or disclosure of any wire or oral communications which violates personal, property, or privacy interests. M.G.L.A. 272, § 99(C).

37.     The express legislative purpose of M.G.L.A. 272, § 99's unequivocal ban on secret recordings is to protect citizens' privacy. In fact, the Massachusetts Wiretap Statute's preamble states that secret recording "pose[s] grave dangers to the privacy of all citizens[.]" M.G.L.A. 272, § 99(A).

38.      Any aggrieved person whose oral or wire communications were intercepted, disclosed, or used except as permitted or authorized by the Massachusetts Wiretap Statute or whose personal or property interests or privacy were violated by means of an interception except as permitted or authorized by the Massachusetts Wiretap Statute shall have a civil cause of action against any person who so intercepts, discloses, or uses such communications or who so violates his personal, property, or privacy interest, and shall be entitled to recover from any such person actual damages but not less than liquidated damages computed at the rate of $100 per day for each

day of violation or $1000, whichever is higher; punitive damages; and a reasonable attorney's fee and other litigation disbursements reasonably incurred.  M.G.L.A. 272, § 99(Q).

40.    "Interception" means to "secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication."  M.G.L.A. 272, § 99(B)(4).

40.    "Contents" when "used with respect to any wire or oral communication, means any information concerning the identity of the parties to such communication or the existence, contents, substance, purport, or meaning of that communication."  M.G.L.A. 272, § 99(B)(5).

41.    "Intercepting device" means "any device or apparatus which is capable of transmitting, receiving, amplifying, or recording a wire or oral communication other than a hearing aid or similar device which is being used to correct subnormal hearing to normal and other than any telephone or telegraph instrument, equipment, facility, or a component thereof, (a) furnished to a subscriber or user by a communications common carrier in the ordinary course of its business under its tariff and being used by the subscriber or user in the ordinary course of its business; or (b) being used by a communications common carrier in the ordinary course of its business."  M.G.L.A. 272, § 99(B)(3).

42.    "Wire communication" means "***any communication*** made in whole or in part through the use of facilities for the transmission of communications by the ***aid of wire, cable, or other like connection*** between the point of origin and the point of reception."  M.G.L.A. 272, § 99(B)(1) (emphasis added).

43.    "Person" means "any individual, partnership, association, joint stock company, trust, or corporation, whether or not any of the foregoing is an officer, agent or employee of the United States, a state, or a political subdivision of a state."  M.G.L.A. 272, § 99(B)(13).

44.    "Use" includes "willfully us[ing] or attempt[ing] to use the contents of any wire or oral communication, knowing that the information was obtained through interception." M.G.L.A. 272, § 99(C)(3)(b).

45.    Defendants 1-800-Flowers and Interactions each are a "person" for purposes of the Massachusetts Wiretap Statute because they are corporations.

46.    The Interactions System implemented on the 1-800-Flowers Phone Line is an "intercepting device," within the meaning of the Statute.  M.G.L.A. 272, § 99(B)(3).

47.    Interactions intentionally uses its System to automatically and secretly intercept Callers' wire and/or oral communications made during Calls to the Phone Line in real time.

48.    1-800-Flowers intentionally aids Interactions in using its System to automatically and secretly intercept Callers' wire and/or oral communications made during Calls to the Phone Line in real time.

49.    Plaintiff Reyes' and Class members' intercepted Phone Line Call speech constitutes the "contents" of "wire communications" and/or "oral communications" within the meaning of the Massachusetts Wiretap Statute.  M.G.L.A. 272, § 99(B)(1), (2), (5).

50.    Plaintiff Reyes' and Class members' wire and/or oral communications were intercepted in real time.

51.    Plaintiff Reyes and Class members did not consent to having their Call communications intercepted or wiretapped.

52.    Interactions' conduct violated M.G.L.A. 272, § 99 and therefore gives rise to a claim under M.G.L.A. 272, § 99(Q).

53.    1-800-Flowers' conduct violated M.G.L.A. 272, § 99 and therefore gives rise to a claim under M.G.L.A. 272, § 99(Q).

54. Pursuant to M.G.L.A. 272, § 99 (Q), Plaintiff Reyes and Class members seek (1) the greater of actual damages and liquidated damages computed at the rate of $100 per day for each violation or $1,000, whichever is higher; (2) punitive damages; and (3) reasonable attorneys' fees and other litigation costs incurred.

55. Defendants' conduct is ongoing, and they continue to unlawfully intercept the communications of Plaintiff Reyes and Class members any time they call the Phone Line with the Interactions System enabled without their consent. Plaintiff Reyes and Class members are entitled to declaratory and injunctive relief to prevent future interceptions of their communications.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the Class and Massachusetts Subclass, and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Class and Massachusetts Subclass;

b. For an order declaring that Defendants' conduct violates the statute referenced herein;

c. For an order finding in favor of Plaintiff and the Class and Massachusetts Subclass, on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order enjoining Defendants from continuing the illegal practices detailed herein; and

h. For an order awarding Plaintiff and the Class and Massachusetts Subclass their reasonable attorneys' fees and expenses and costs of suit.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demands a trial by jury on all claims so triable.

Dated:  November 2, 2023

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Joel D. Smith*
      Joel Smith

Joel D. Smith (BBO No. 712418)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*Pro Hac Vice* forthcoming)
Matt A. Girardi (*Pro Hac Vice* forthcoming)
Julian C. Diamond (*Pro Hac Vice* forthcoming)
1330 Avenue of the Americas
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail: jmarchese@bursor.com
      mgirardi@bursor.com
      jdiamond@bursor.com

*Attorneys for Plaintiff*

| CIVIL ACTION COVER SHEET | DOCKET NO(S) **B.L.S.** | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) ROXANNE REYES, individually and on behalf of all others similarly situated, | DEFENDANT(S) 1-800-FLOWERS.COM, INC. and INTERACTIONS LLC, |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number Bursor & Fisher, P.A., Joel D. Smith, 712418 1990 N California Blvd, Ste 940 Walnut Creek, CA 94596 (925) 300-4455 | ATTORNEY (if known) |
|---|---|

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? * _____
_____ (B) ☑Yes ☐No

BK.1 Other commercial claims, including insurance, construction, real estate and consumer matters involving complex issues

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This case is brought as a class action and is expected to need substantial case management.  Plaintiff seeks to represent a class defined as:

All persons whose wire and/or oral communications on the Phone Line were intercepted by Interactions and 1-800-Flowers.

Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's unlawful hiring practices and suffered a loss as a result.

As such, it is akin to a class action claim for violation of a trade regulation law.  In addition, declaratory and injunctive relief and damages are sought, along with attorneys' fees.

For these reasons, it is appropriate for assignment to the BLS.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record___/s/ Joel D. Smith_____
DATE: 11/2/2023_____

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2384CV02502-BLS1**

Case: Reyes v. 1-800-FLOWERS.com, Inc. et al.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

Hereafter, as shown above, all parties must include the initials "BLS1" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: November 2, 2023

/s/ Kenneth W. Salinger
_____
Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

     As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

     If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

____ (Check) **Yes,**_____ is willing to participate in the Discovery Project.
                          (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____          Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| | | |
|---|---|---|
| Assistant Clerk - BLS1 | **OR** | Assistant Clerk - BLS2 |
| BLS1, Room 1309 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |

- 2 -

| **Summons** | CIVIL DOCKET NO.<br>2384 CV 02502 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>ROXANNE REYES<br><br>vs.          Plaintiff(s)<br><br>1-800-FLOWERS.com, Inc.  and<br>Interactions LLC<br><br>Defendant(s) | **John E. Powers, III,**  Acting<br>**Suffolk Superior Civil**  Clerk of Courts<br>County<br><br>COURT NAME & ADDRESS:<br>**Three Pemberton Square**<br>**Boston, MA. 02108** |
|---|---|

THIS SUMMONS IS DIRECTED TO    Interactions LLC    (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court

                (address), by mail, in person, or electronically through

    the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. **(cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. ___Heidi E. Brieger___ , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

Dated: _____        Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

rev. 7/2022

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Joel D Smith, Esq. (SBN 712418)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>  Telephone No:  925-300-4455 | | |
| Attorney For:   Plaintiff | Ref. No. or File No.:<br>1809 | |

| Insert name of Court, and Judicial District and Branch Court:<br>COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT BUSINESS LITIGATION SESSION |
|---|

| Plaintiff:   ROXANNE REYES, et al. |
|---|
| Defendant:   1-800-FLOWERS.COM, INC., et al. |

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2384CV02502 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the Summons; Class Action Complaint; Civil Action Cover Sheet

3.  a.   Party served:     INTERACTIONS LLC
    b.   Person served:    Lynanne Gares, Authorized to Accept Service for Corporation Service Company, Agent for Service of Process

4.  Address where the party was served:    251 Little Falls Drive, Wilmington, DE 19808

5.  I served the party:
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Nov 30 2023 (2) at: 11:25 AM

6.  Person Who Served Papers:
    a. John Garber ()
    b. FIRST LEGAL
       3600 Lime Street, Suite 626
       RIVERSIDE, CA 92501
    c. (888) 599-5039

    d. The Fee for Service was:

7.  I declare under penalty of perjury that the foregoing is true and correct.

12|4|23
(Date)

_____
(Signature)

**FL**
FIRSTLEGAL

PROOF OF
SERVICE

10004698
(375010)

| **Summons** | CIVIL DOCKET NO.<br>2384CV02502 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

CASE NAME:

ROXANNE REYES

vs.                                    Plaintiff(s)

1-800-FLOWERS.COM, INC.  and
Interactions LLC

Defendant(s)

John E. Powers, III,    Acting
Suffolk Superior Civil   Clerk of Courts
                         County

COURT NAME & ADDRESS:
Three Pemberton Square
Boston, MA. 02108

---

THIS SUMMONS IS DIRECTED TO 1-800-FLOWERS.COM, INC. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,                Court
(address), by mail, in person, or electronically through
the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Heidi E. Brieger_____ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____        Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 7/2022

| Attorney or Party without Attorney:<br>Joel D Smith, Esq. (SBN 712418)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>  Telephone No:  925-300-4455 | | For Court Use Only |
|---|---|---|
|   Attorney For:   Plaintiff | Ref. No. or File No.:<br>1809 | |
| Insert name of Court, and Judicial District and Branch Court:<br>COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT BUSINESS<br>LITIGATION SESSION | | |
| Plaintiff:   ROXANNE REYES, et al.<br>Defendant:   1-800-FLOWERS.COM, INC., et al. | | |

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2384CV02502 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Action Cover Sheet

3. a.   *Party served:*      1-800-FLOWERS.COM, INC.
   b.   *Person served:*    Chimere Brooks, Authorized to Accept Service for The Corporation Trust Company, Agent for Service of
   Process

4. *Address where the party was served:*    1209 Orange St, Wilmington, DE 19801

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
   process for the party (1) on: Thu, Nov 30 2023 (2) at: 10:59 AM

6. *Person Who Served Papers:*
   a. John Garber ()                                          **d.** *The Fee for Service was:*
   **b. FIRST LEGAL**
     3600 Lime Street, Suite 626
     RIVERSIDE, CA 92501
   c. (888) 599-5039

7. *I declare under penalty of perjury that the foregoing is true and correct.*

12/4/23
_____
(Date)                                                  _____
                                                        (Signature)



PROOF OF
SERVICE

*10004686*
*(375009)*

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**
**BUSINESS LITIGATION SESSION**

|  |  |
|---|---|
| ROXANNE REYES,<br><br>                  Plaintiff,<br><br>v.<br><br>1-800-FLOWERS.COM, INC., *et al.*,<br><br>                  Defendants. | Civil Docket No. 2384CV02502 |

**STIPULATION EXTENDING DEFENDANT**
**1-800-FLOWERS.COM, INC.'S TIME TO RESPOND TO COMPLAINT**

Plaintiff Roxanne Reyes and Defendant 1-800-Flowers.com, Inc. stipulate, pursuant to

Rule 6(b) of the Massachusetts Rules of Civil Procedure, that Defendant 1-800-Flowers.com,

Inc.'s time to respond to the Complaint, whether by answer, motion or otherwise, is extended

until January 31, 2024.

Dated: December 15, 2023

|  |  |
|---|---|
| ___/s/ Joel D. Smith___ | ___/s/ David L. Feinberg___ |
| Joel D. Smith (BBO No. 712418) | David L. Feinberg (BBO No. 666805) |
| BURSOR & FISHER, P.A. | VENABLE LLP |
| 1990 North California Blvd., Suite 940 | 600 Massachusetts Ave., NW |
| Walnut Creek, CA 94596 | Washington, D.C. |
| Telephone: (925) 300-4455 | T: (202) 344-8278 |
| Facsimile: (925) 407-2700 | F: (202) 344-8300 |
| Email: jsmith@burson.com | Email: DLFeinberg@Venable.com |
|  |  |
| *Counsel for Plaintiff Roxanne Reyes* | *Counsel for Defendant*<br>*1-800-Flowers.com, Inc.* |